**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE
COMMISSION,
                             Plaintiff,

-against-

BLACKOUT MEDIA CORPORATION,
formerly known as FIRST CANADIAN
AMERICAN HOLDING CORPORATION,
and SANDY WINICK,

                             Defendants.



MEMORANDUM DECISION
AND ORDER
09 Civ. 5454 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Securities and Exchange Commission ("SEC") brings this action for securities violations against defendants Blackout Media Corporation ("Blackout") and Sandy Winick ("Winick") (collectively, "Defendants"). In its Complaint, the SEC alleges that Defendants violated registration, proxy, and reporting provisions of the federal securities laws.[1] Specifically, the SEC alleges that Winick created 59 subsidiaries in Blackout for the sole purpose of selling unregistered shares in these subsidiaries and pocketing sale proceeds of approximately $3.2 million. The SEC alleges that these 59 shell companies had no legitimate business purpose, assets, or operations, and that Blackout, then known as First Canadian American Holding Company, failed to provide any legally required financial reporting information for them.

---

[1] The SEC alleges that Blackout violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"); Section 14(a) of the Securities Exchange Act ("Exchange Act") and Rule 14a-9 promulgated thereunder; Section 13(a) of the Exchange Act, and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder. The SEC alleges that Winick violated Section 13(d) of the Exchange Act and Rule 13d-1 promulgated thereunder; Section 16(a) of the Exchange Act and Rule 13d-1 promulgated thereunder. (See Complaint, dated June 12, 2009 (Dkt. 1)).

After the SEC served Defendants with a copy of the Summons and Complaint, Defendants failed to respond. Upon motion from the SEC, this Court entered judgment against Defendants by default and referred the matter to Magistrate Judge Debra Freeman for an inquest on damages.

Magistrate Judge Freeman issued a Report and Recommendation ("Report") recommending injunctive relief, disgorgement, and other civil penalties with respect to defendant Winick. The Report did not recommend imposing injunctive relief or monetary penalties against defendant Blackout because the SEC never served Blackout with its Proposed Findings.[2] With regards to Winick, the Report recommends that this Court (1) enter a permanent injunction enjoining him from violating, or from aiding or abetting the violation of, the registration, reporting, and proxy provisions of the federal securities laws; (2) order disgorgement of his ill-gotten gains in the amount of $3,200,000 plus pre-judgment interest; (3) impose third tier civil penalties against him in the amount of $130,000; (4) cancel all stock Winick owns or controls in any of Blackout's subsidiaries and their successors; and (5) impose a permanent penny stock bar against him.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S.

---

[2] The Report also notes that Blackout has been dissolved and the SEC chose not to attempt to serve its Proposed Findings by any means.

2

667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In her report, Magistrate Judge Freeman advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. (See Report at 20). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Freeman properly determined that the SEC is entitled to each of the five remedies it seeks against defendant Winick. First, to obtain a permanent injunction, the SEC need not show irreparable injury or inadequacy of other remedies, only that there is a reasonable likelihood that the violations may reoccur. See SEC v. Unifund Sal, 910 F.2d 1028, 1036 (2d Cir. 1990); SEC v. Commonwealth Chem. Secs. Inc., 574 F.2d 90, 99-100 (2d Cir. 1978). Winick repeatedly traded in the shares of Blackout's subsidiaries and made material misrepresentations to thousands of investors who purchased shares and suffered losses. Winick's systematic wrongdoing, involving trading in 59 shell companies over the course of two years makes a permanent injunction appropriate.

Second, the SEC is also entitled to disgorge Winick of the approximately $3.2 million in gains he netted over the course of his illicit trading scheme. Disgorgement is a well-established remedy that is appropriate to strip a defendant of illegal gains. See SEC v. Cavanagh, 444 F.3d 105, 116 (2d Cir. 2006); SEC v. Tome, 833 F.2d 1086, 1096 (2d Cir. 1987). This Court has

broad discretion when calculating the amount to be disgorged, and the SEC need not trace every last dollar. SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1474-75 (2d Cir. 1996). The $3.2 million figure is a reasonable approximation given the supporting documentation the SEC supplied and the investigation that it undertook.

Third, this Court will grant the SEC's request to cancel Winick's stock in Blackout's subsidiaries and their successors. Cancellation of stock is an equitable action that courts have used against serious and serial violators of the securities laws. See, e.g., SEC v. Texas Gulf Sulphur Co., 446 F.2d 1301, 1308-09 (2d Cir. 1971). It is appropriate here given the prolonged and widespread nature of Winick's illegal behavior, and given that none of the 59 subsidiaries had any legitimate business activity.

Fourth, this Court will grant the SEC's request for third tier civil penalties against Winick in the amount of $130,000. Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange act permit a court to impose third tier penalties when a court finds that the defendant's actions involved both "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and caused "substantial losses, or created a significant risk of substantial losses to other persons." 15 U.S.C. § 78u(d)(3)(B)(iii). Magistrate Judge Freeman appropriately found that Winick's violations were sufficiently serious for third tier civil penalties given his high degree of scienter and repeated misrepresentations and violations of registration requirements.

Finally, this court will grant the penny stock bar the SEC seeks. Such a bar is authorized by Section 20 of the Securities Act (See 15 U.S.C. § 77t(g)) and appropriate when the government satisfies the six-part test outlined in SEC v. Patel. 61 F.3d 137 (2d Cir. 1995). The shares of Blackout and each of the 59 subsidiaries qualified as penny stocks during the relevant

timeframe and Magistrate Judge Freeman properly found that Winick's behavior satisfied the Patel test.

## Conclusion

Plaintiff is awarded judgment against defendant Winick and granted the five remedies outlined in Magistrate Judge Freeman's Report. The Clerk of the Court is directed to close this case.

Dated: September 14, 2012
      New York, New York

SO ORDERED

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge