UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

-against-

BLACKOUT MEDIA CORPORATION,
formerly known as FIRST CANADIAN AMERICAN
HOLDING CORPORATION, and SANDY WINICK,

      Defendants.

----------------------------------------------------------

FINAL JUDGMENT

ECF CASE
09 CV 05454(GBD-DF)

GEORGE B. DANIELS, District Judge:

  The Court, having previously ordered, adjudged and decreed that plaintiff Securities and Exchange Commission ("Commission") have judgment against defendants Blackout Media Corporation ("Blackout") and Sandy Winick ("Winick"), and having referred this matter to Magistrate Judge Freeman for an inquest on damages, interest, attorney fees, costs and disbursements, and having considered and approved the Report and Recommendation submitted by the Magistrate Judge Freeman which recommended that no injunctive relief or monetary penalties be imposed against Blackout, but recommended as to the Winick that the Court (1) issue a permanent injunction enjoining him from violating, or aiding and abetting the violation of, the registration, reporting, and proxy provisions of the federal securities laws; (2) order him to disgorge $3.2 million in ill-gotten gains, and to pay pre-judgment interest based on the IRS rate, from December 11, 2007 to the date of judgment; (3) impose third-tier civil penalties against him in the amount of $130,000; (4) order the cancellation of all stock that Winick owns or controls in any of Blackout's subsidiaries and any of their successors; and (5) impose a permanent penny stock bar against Winick, it is hereby

1

I.

ORDERED, ADJUDGED, AND DECREED that defendant Winick and his respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

ORDERED, ADJUDGED, AND DECREED that Winick and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(d), and Rule 13d-1 thereunder, 17 C.F.R. § 240.13d-1, by, within ten days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is registered under Section 12 of the Exchange Act, 15 U.S.C. § 78l, failing to file with the Commission a statement containing the information required by Schedule 13D [Rule 13d-101].

## III.

ORDERED, ADJUDGED, AND DECREED that Winick and his respective agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, soliciting, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, and by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, or omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of the proxy for the same meeting or subject matter which was false or

misleading, in violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 thereunder, 17 C.F.R. § 240.14a-9.

## IV.

ORDERED, ADJUDGED, AND DECREED that Winick and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, by failing to file reports of, and material changes to, his beneficial ownership of more than ten percent of any class of equity security registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*.

## V.

ORDERED, ADJUDGED, AND DECREED that Winick and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer in failing to file the required annual, quarterly, and current reports, or by filing or causing to be filed the required periodic reports that fail to contain material information necessary to make the required statements in the reports, in light of the circumstances under which they are made, not misleading.

4

## VI.

IT IS ORDERED, ADJUDGED, AND DECREED that Winick is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## VII.

ORDERED, ADJUDGED, AND DECREED that Winick is liable for disgorgement of $3,200,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $694,260.80,[1] and a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. 78u(d)(3). Winick shall satisfy this obligation by paying $4,024,260.80 within 14 days after entry of this Final Judgment.

Winick may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Winick may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

---

[1] The amount of $694,260.80 represents prejudgment interest at the IRS rate from December 11, 2007 through September 14, 2012 – when this proposed order was submitted to the Court.

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Winick as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Winick shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Winick relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Winick. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

ORDERED, ADJUDGED, AND DECREED that shares of stock Winick owns or controls in the fifty-nine original subsidiaries of Blackout that were spun off ("Subsidiaries") and any such Subsidiary's successor(s), be cancelled. The fifty-nine original Subsidiaries are:

> Adatom.com (Oregon)
> Adirondack Springs Beverages Inc.
> AQ Corporation
> Broadspot Wireless Inc.
> Broadspot World Wide Wireless Inc.
> Central Asia Development and Construction Co. Ltd.
> Deep Water Investment Inc.
> Dtec Security Inc.
> Energy Concepts Inc.
> Equity Retirement Savings Distributors Inc.
> Farm Fresh Food Processors Inc.
> Findent Engineering Security Ltd.
> First Canadian American Credit Services Ltd.
> First Canadian American Financial Services Inc.

First Canadian American Investment Ltd.
First Canadian American Trust Company
First Caribbean Mining Development Inc.
First Eastern Energy Development Inc.
First European American Credit Ltd.
First Mediterranean Gold Resources Inc.
First Pioneer Maintenance & Supplies Inc.
First Public Securities Transfer Corporation
First Western Environmental Protection Inc.
Flugal Financial And Marketing Services Inc.
Flugal Financial Services, Ltd.
Form 59 Furniture Design Inc.
Form 59, Inc.
Fossil Graphics Inc.
Freshtech Food Processors, Ltd.
Future Quest Inc.
Golden Quest Ltd.
Goodies Galore Packaging Inc.
IBA Ltd. (Belize IBC)
Josanden International Resources Inc.
Microgenix Canada Inc.
Microgenix Filtration Systems Inc.
Micro Genix Manufacturing Inc.
Naturally Niagara Beverage Corp.
New Wave Windmills Inc.
Pearl Asian Mining Industries Inc.
Second Bavarian Mining and Engineering Services Inc.
Second Colonial Mining and Engineering Services Inc.
Second Mongolian Mining Security Services Inc.
Security Innovations Systems Inc.
Security Plus Inc.
Seville Investment Funds Corporation
Sparrowtech Multimedia Inc.
Sweet Selections Ltd.
The Berkshire Collection Inc.
The Feinstein Report, Inc.
The Goldberg Report Ltd.
The Heritage Collection Inc.
Universal Beverage Inc.
Warlock Holdings Inc.
Wi-Fi Wireless Ltd.
World Assets Group Inc.
Xcelarator Interactive Inc.
Xcelarator Marketing Inc.
Xcelarator Studios Inc.

For purposes of this Final Judgment, Winick "controls" shares held in his name; the name of his wife, Jodi Winick; and the following entities he owns or controls: First European American Credit Ltd.; First European American Trust; First European American Underwriters Ltd.; First European American Bank, Ltd.; and First European American Holdings Ltd. ("Winick Companies"). Plaintiff shall deliver a copy of this Final Judgment to each Subsidiary and/or its successor, and to the transfer agent for each Subsidiary and/or its successor, within ten days of entry of this Final Judgment, and upon receipt of this Final Judgment, each Subsidiary and/or its successor, and the transfer agent for each Subsidiary and/or its successor, shall promptly cancel all shares held in the name of Winick, Jodi Winick, and/or the Winick Companies. Within 60 days of receipt of the Final Judgment, each Subsidiary and/or its successor, and each transfer agent, shall certify in writing compliance with this Final Judgment by sending detailed confirmation to counsel for plaintiff that all such shares have been cancelled. Such certification shall be sent to Junling Ma, Securities and Exchange Commission, 5670 Wilshire Blvd., Suite 1100, Los Angeles, CA 90036. If any Subsidiary and/or its successor, or any transfer agent, fails to so certify within the required time, this Court shall have jurisdiction to enforce this order through its contempt powers.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York

SEP 14 2012

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge